IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

    Plaintiff,                    No. CIV S-04-1292 MCE DAD P

   vs.

J. BAILEY, et al.,

    Defendants.              <u>ORDER</u>

_____/

      On June 7, 2005, the court received from plaintiff a document titled "Notice of Motion and Motion to Oppose Defendants Motion to Dismiss."

      On March 4, 2005, the court issued an order that includes the following provision: "Unless otherwise ordered, all motions to dismiss . . . shall be briefed pursuant to Local Rule 78-230(m)." (Order filed Mar. 4, 2005, at 3.) Along with the order, plaintiff was served with a copy of the Local Rules of Practice. Pursuant to Local Rule 78-230(m), a responding party who has opposition to the granting of a motion must serve and file opposition to the motion. A document containing a plaintiff's opposition to a motion to dismiss should be titled "Plaintiff's Opposition to Defendants' Motion to Dismiss" and must include a proof of service showing that a copy of the opposition was mailed to the defendants' attorney of record.

/////

1

1  Plaintiff's incorrectly titled document includes a proof of service showing that
2  plaintiff mailed the document to the court on "Thursday, 05" and executed the proof of service on
3  "this 2 day of Thursday, 05." Neither "Thursday, 05" nor "2 day of Thursday, 05" constitutes a
4  recognizable date. The proof of service is also defective in that it does not show that a copy of the
5  document was placed in the mail to defendants' attorney. Plaintiff is advised that every document he
6  submits to the court for consideration must include a proof of service showing the date on which a
7  copy of the document was placed in the mail to defendants' attorney. Fed. R. Civ. P. 5; Local Rule
8  5-135(b) and (c). The date must include the month, the calendar date, and the year of service.
9  Every document filed by plaintiff must be served on the specific attorney who represents the
10 defendants, and the proof of service must include the specific attorney's name and complete mailing
11 address.
12  The court also notes that plaintiff's filing is not signed under penalty of perjury. As
13 explained in the court's March 4, 2005 order, plaintiff may submit one or more declarations under
14 penalty of perjury in opposition to defendants' motion to dismiss for failure to exhaust
15 administrative remedies. (Order filed Mar. 4, 2005, at 3.) If plaintiff files a declaration in support
16 of his opposition to defendants' motion to dismiss, the declaration must be signed under penalty of
17 perjury and must set forth facts within plaintiff's personal knowledge concerning his efforts to
18 exhaust administrative remedies.
19  To the extent that plaintiff seeks leave to file opposition to defendants' motion to
20 dismiss, his motion is unnecessary and will be denied. Plaintiff will be granted twenty days to file a
21 document properly titled "Opposition," with a proper proof of service.
22  Accordingly, IT IS HEREBY ORDERED that:
23  1. Plaintiff's June 7, 2005 motion to oppose defendants' motion is denied as
24 unnecessary;
25  2. Within twenty days from the date of this order, plaintiff shall file and serve
26 properly titled opposition to defendants' motion, together with a proper proof of service;

       3. Defendants' reply to plaintiff's opposition shall be filed and served in accordance with Local Rule 78-230(m); and

       4. Plaintiff is cautioned that failure to include a proper certificate of service with any subsequent filing may result in an order imposing sanctions and repeated failure to serve documents properly will result in a recommendation that this action be dismissed for failure to comply with court orders, the Local Rules of Practice, and the Federal Rules of Civil Procedure.

DATED: June 14, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
camp1292.35a