IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

        Plaintiff,                    No. CIV S-04-1292 MCE DAD P

    vs.

J. BAILEY, et al.,

        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se with this action.  The case is before the court on defendants' motion to dismiss the action pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff failed to exhaust the available administrative remedies prior to filing suit.

        Plaintiff responded to defendants' motion by filing a motion to oppose the motion. Plaintiff's motion did not include proof of service on defendants.  Plaintiff was ordered to file and serve correctly titled opposition with a proper proof of service.  Plaintiff has filed a document titled "Opposition," but the filing is unsigned and the attached proof of service does not reflect service of the opposition on defendants' counsel.  Although plaintiff's opposing documents are defective, the court finds that plaintiff's evidence demonstrates conclusively that defendants' motion should be granted.

PROCEDURAL HISTORY

Plaintiff's complaint was received for filing on July 7, 2004. The complaint bears a signature date of June 23, 2004, and a verification date of June 24, 2004. The accompanying application to proceed in forma pauperis is dated June 25, 2004. Plaintiff did not submit a proof of service indicating the date on which he delivered his documents to prison officials for mailing.

In his original complaint, plaintiff affirmatively alleged that he did not complete the grievance process on his claim of excessive force. On July 12, 2004, the undersigned recommended that this action be dismissed without prejudice to the filing of a new action after administrative remedies are exhausted. Plaintiff objected, arguing that he "did exhaust his administrative remedies" and "made a mistake marking no, on his civil suit." In light of plaintiff's withdrawal of his concession of nonexhaustion, the court vacated the findings and recommendations and dismissed the complaint with leave to amend.

Plaintiff filed an amended complaint on August 19, 2004, but did not use the civil rights complaint form provided by the court or follow the format of the form complaint. On November 15, 2004, the amended complaint was dismissed for failure to provide all necessary information and for failure to include any prayer for relief.

Plaintiff filed a second amended complaint on December 13, 2004. In this pleading plaintiff alleges that he filed a grievance and that the grievance process is completed. The court directed the United States Marshal to serve the second amended complaint on defendants Bailey, Reyes, and Rowe. Defendants Bailey and Rowe responded to the pleading by filing a motion to dismiss the action. The United States Marshal was unable to locate defendant Reyes for service and filed a return of service unexecuted as to defendant Reyes.

The court's order filed March 4, 2005, advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b). (Order filed March 4, 2005, at 3-4.)

/////

## THE PARTIES' ARGUMENTS AND EVIDENCE

In his second amended complaint, plaintiff alleges that defendants Bailey, Reyes, and Rowe used unnecessary force during an incident on May 25, 2004. Plaintiff alleges that he

> filed a grievance on 5-25-04 on this issue and why the force wasent [sic] needed[.] [T]he appeal came back granted and stated defendant didnt [sic] have a reason to use extra force because plaintiff was controlled by J. Baileys [sic] left foot on plaintiff [sic] right shoulder and his elbow[.] [T]his was decided on 6-8-04.

(Second Am. Compl. at 3-4.)

Defendants assert that plaintiff did not exhaust available administrative remedies prior to bringing this action. Defendants offer two declarations to demonstrate that there is no record of an inmate appeal submitted by plaintiff and accepted for processing on a claim that defendants applied excessive force against plaintiff on May 25, 2004. Defendants state that plaintiff submitted an appeal on July 21, 2004, the appeal was determined to be an appeal concerning a rules violation report, the appeal was recategorized as a disciplinary appeal and was returned to plaintiff for resubmission with a copy of the rules violation report, and plaintiff resubmitted the appeal on September 15, 2004. Defendants contend that plaintiff did not contest the determination that his resubmitted appeal was untimely and that he did not exhaust the appeal by pursuing it to the director's level.

The warden's review form provided by defendants does not indicate the log number of the appeal but indicates a date of July 23, 2004, and bears a reference to "CCI Bailey, J.C." and "sprayed with O.C. pepper spray." The tracking system printout shows an informal appeal received from plaintiff on July 21, 2004, and screened out on July 23, 2004, as an incomplete disciplinary appeal requiring documentation. The printout also shows an informal appeal received from plaintiff on September 15, 2004, and screened out on September 17, 2004, as untimely for not having been resubmitted within 15 working days after the appeal was returned for attachment of documentation.

/////

1          Plaintiff has provided a copy of an inmate appeal that does not bear a log number.
2   The appeal is dated June 3, 2004, and alleges that plaintiff was subjected to unnecessary force on
3   May 25, 2004, during an incident that involved J. Bailey, J. Rowe, and J. Reyes.  On the form,
4   plaintiff requested that the appeal "be filed as a complaint."  The form is stamped "BYPASS" at
5   the informal and first formal levels.  Notations in the bottom left hand corner of the form include
6   the date "7/23" and appear to refer to a CDC 115.  The appeal bears three date stamps reflecting
7   receipt by the appeals branch on June 16, 2004; July 21, 2004; and September 15, 2004.  On the
8   back of the appeal form, in the section that reflects action at the second formal level, a check
9   mark has been entered in the "Granted" box, two signatures have been entered, the abbreviation
10  "sgt" has been entered in the space for the date completed, and the date "9-25-04" has been
11  entered as date returned to inmate.  Plaintiff has not provided a copy of the written decision
12  described in his complaint, i.e., the alleged determination that the defendants did not have a
13  reason to use additional force because plaintiff was controlled by defendant Bailey's left foot on
14  plaintiff's right shoulder and elbow.
15         A "Rights and Responsibilities" form attached to the inmate appeal bears
16  plaintiff's signature dated July 18, 2004, and the receiving staff member's signature dated July
17  21, 2004.  It appears that plaintiff's appeal was first received in the appeals branch on June 16,
18  2004, that it was returned to plaintiff for completion of the rights and responsibilities form, and
19  that appeals branch received the appeal a second time on July 21, 2004.  The appeal submitted by
20  plaintiff appears to be the same appeal described by defendants as recategorized, returned for
21  resubmission with documentation, and resubmitted on September 15, 2004.  Plaintiff's evidence
22  is therefore consistent with defendants' except for the back page of the appeal form, which shows
23  that the appeal was granted on September 25, 2004.  Significantly, plaintiff's evidence
24  contradicts the allegations in the second amended complaint concerning the date on which
25  plaintiff filed a grievance and the date on which the grievance was granted.
26  /////

## ANALYSIS

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Courts may not read futility or other exceptions into the PARA's statutory exhaustion requirement. Id. at 741 n.6.

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a California prisoner must submit an inmate appeal at the appropriate level and proceed to the highest level of administrative review available before filing suit. Ngo v. Woodford, 403 F.3d 620, 624-25 (9th Cir. 2005).

The PLRA exhaustion requirement creates a defense that defendants may raise in an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "[I]f the district court looks beyond the

pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. If the court concludes that the prisoner has not exhausted administrative remedies on any claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

In the present case, the court's order filed March 4, 2005, provided plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b). Plaintiff and defendants have offered almost identical evidence concerning plaintiff's inmate appeal. This evidence provides a factual record demonstrating that plaintiff did not exhaust available administrative remedies prior to bringing this action.

Plaintiff brought his action by mailing his complaint to the court on a date between June 25, 2004, and July 7, 2004. Plaintiff had submitted an inmate appeal concerning his claims prior to June 25, 2004, but he had not yet received any decision on the appeal and was actively litigating the appeal for several months after plaintiff brought this action. Plaintiff signed the required rights and responsibilities form on July 18, 2004, and resubmitted his appeal on July 21, 2004. He resubmitted the appeal again on September 15, 2005, and contends that the appeal was decided in his favor on September 25, 2005, approximately three months after he brought this action. Thus, plaintiff's original complaint correctly indicated that the grievance procedure was not completed when the complaint was filed.

The record establishes that plaintiff failed to exhaust available administrative remedies before he brought this suit. "The PLRA requires prisoners to exhaust all available administrative remedies before filing a § 1983 claim in federal court." Ngo, 403 F.3d at 625 (emphasis omitted). The court is required to dismiss an action without prejudice where a prisoner failed to exhaust administrative remedies prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam) (concluding that it would undermine attainment

of congressional objectives to permit a prisoner to exhaust administrative remedies while proceeding with a federal suit). The undersigned will therefore recommend that defendants' motion to dismiss be granted and that this action be dismissed without prejudice to the filing of a new action.[1]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' May 6, 2005 motion to dismiss be granted; and

2. This action be dismissed without prejudice as to all defendants for failure to exhaust available administrative remedies prior to bringing the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
camp1292.mtd

---

[1] Because plaintiff did not exhaust his administrative remedies prior to bringing this action, the court need not determine at this time whether plaintiff subsequently exhausted administrative remedies and, if so, when. The undersigned expresses no opinion with regard to plaintiff's evidence that his appeal was granted by the warden on September 25, 2004, thereby exhausting the available administrative remedies.